**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 23-2166-JFW(PVCx)**                    Date:  April 7, 2023

Title:      Ex-Parte Trustee Venice For Alias Merchant Surname Flores-Washington -*v*-
California Department of Public Health Vital Records, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

**Shannon Reilly**                              **None Present**
**Courtroom Deputy**                            **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
          None                                         None

**PROCEEDINGS (IN CHAMBERS):**       **ORDER TO SHOW CAUSE WHY THIS ACTION**
                                      **SHOULD NOT BE DISMISSED**

On March 23, 2023, Plaintiff Ex-Parte Trust Venice for Alias Merchant Surname Flores-Washington ("Plaintiff"), proceeding *pro se*, filed a Complaint against Defendants California Department of Public Health Vital Records, Federal Reserve Bank of San Francisco, and the State of California (collectively, "Defendants").  The Federal Rules of Civil Procedure require that "[a] pleading that states a claim for relief *must contain*: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Federal Rule of Civil Procedure 8(a) (emphasis added).  In addition, the Local Rules provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction."  Local Rule 8-1.

In the Complaint, Plaintiff failed to include a jurisdictional statement and, as a result, failed to properly allege that this Court has jurisdiction over her Complaint.  In addition, although Plaintiff's Complaint is only four pages long, it is difficult to ascertain the claim or claims entitling Plaintiff to relief.   Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **April 21, 2023**, why this action should not be dismissed.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.   If Plaintiff files an amended complaint which corrects the defects noted above on or before **April 21, 2023**, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action.

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_