UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02166-JFW-JDE | Date | May 26, 2023 |
|---|---|---|---|
| Title | Ex Parte Trustee Venice for Alias Merchant Surname Flores-Washington v. California Department of Public Health Vital Records, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|
| Maria Barr | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**   (In Chambers): Further Order to Show Cause re Dismissal

On March 23, 2023, Ex Parte Trustee Venice for Alias Merchant Surname Flores-Washington ("Plaintiff"), proceeding pro se, initiated this action by filing a "Bill in Equity" against the California Department of Public Health Vital Records and State of California ("California Defendants") and the Federal Reserve Bank of San Francisco ("Federal Reserve Bank"). Dkt. 1 ("Complaint"). The Complaint did not include a jurisdictional statement as required by the Federal Rules of Civil Procedure ("Rules" or "Rule") and Local Civil Rules, and Plaintiff's claims are difficult to discern. As a result, on April 7, 2023, the Honorable John F. Walter, United States District Judge, issued an Order to Show Cause why this action should not be dismissed. Dkt. 12 ("OSC"). Plaintiff was ordered to show cause, in writing, why this action should not be dismissed, or in the alternative, file an amended complaint that corrects these defects. Plaintiff was advised that the failure to respond to the OSC would result in the dismissal of this action. Id.

On April 20, 2023, Plaintiff filed a Response to the OSC, arguing jurisdiction is based on 28 U.S.C. § 1331, citing "Article 1, Section 10, No State Can Make a Law Impairing the Obligation of Contracts, such as the intrastate adopted Uniform Commercial Code (UCC) that causes a Deprivation of Rights 18 USC 242 upon" her. Dkt. 21 ("Response") at 1. In her "Statement of Claim," she contends the State of California "is the Parent Corporation for the Blind Trust or Legal Person created by the Department of Health and Human Services Vital Records or Registrar . . . and therefore is responsible for damages to [her] caused by State authorized, licensed dealer representatives who are guilty of consumer fraud, restraint of trade and deprivation of rights[.]" As to the Federal Reserve Bank, Plaintiff avers it is "obstructing [her] commerce" in violation of 18 U.S.C. § 1951. Id. at 2.

Meanwhile, on April 18, 2023, the California Defendants filed a Motion to Dismiss the Complaint arguing, inter alia, that the Court lacks subject matter jurisdiction and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02166-JFW-JDE | Date | May 26, 2023 |
|---|---|---|---|
| Title | Ex Parte Trustee Venice for Alias Merchant Surname Flores-Washington v. California Department of Public Health Vital Records, et al. | | |

Eleventh Amendment bars Plaintiff's action against them. Dkt. 18 ("Motion"). The California Defendants and Plaintiff thereafter filed documents in support of and in opposition to the Motion. See Dkt. 29, 30 ("Opp.").

Based on the record, including the Complaint, Plaintiff's Response, and Plaintiff's Opposition to the Motion, it appears the Court lacks subject matter jurisdiction over this action.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stevedoring Servs. of Am., Inc. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992) (as amended) (citation omitted). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006); Scholastic Ent., Inc. v. Fox Ent. Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003); Rule 12(h)(3). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hisp. Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Here, Plaintiff alleges jurisdiction on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Response at 1. A plaintiff may properly invoke jurisdiction under Section 1331 when she pleads "a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citation omitted). A plaintiff must present a federal question on the face of a complaint, see Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009), and "must allege facts, not mere legal conclusions," to invoke the court's jurisdiction. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

Construing Plaintiff's allegations liberally, Plaintiff appears to be alleging violations of 18 U.S.C. § 242 and 18 U.S.C. § 1951. Complaint at 3; Response at 1-2. However, Sections 242 and 1951 are federal criminal statutes and neither provides a private right of action that is enforceable through a civil action. Abcarian v. Levine, 972 F.3d 1019, 1025-26 (9th Cir. 2020) (finding no private right of action for a violation of 18 U.S.C. § 1951); Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (holding that 18 U.S.C. §§ 241 and 242 "do not give rise to civil liability").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02166-JFW-JDE | Date | May 26, 2023 |
|---|---|---|---|
| Title | Ex Parte Trustee Venice for Alias Merchant Surname Flores-Washington v. California Department of Public Health Vital Records, et al. | | |

Further, to the extent Plaintiff may be seeking relief against the State Defendants based on an alleged constitutional violation pursuant to 42 U.S.C. §§ 1982 or 1983 (Opp. at 4), the California Defendants are immune from suit under the Eleventh Amendment. As the California Defendants explain in their Motion, "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." Id. (footnote omitted); Pennhurst State Sch. & Hosp., 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."). California has not consented to suit against it in federal court. See Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"); BV Eng'g v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir. 1988). Furthermore, Congress has not abrogated State sovereign immunity for civil rights actions. See Dittman, 191 F.3d at 1026; L.A. Branch NAACP v. L.A. Unified Sch. Dist., 714 F.2d 946, 950 (9th Cir. 1983); McGee v. California, 2017 WL 902944, at *6 (E.D. Cal. Mar. 3, 2017) (finding claims for violations of 42 U.S.C. § 1981, 1982, 1983, 1985, and 1986 barred by Eleventh Amendment), adopted by 2017 WL 1408168 (E.D. Cal. Apr. 20, 2017). Accordingly, any claims that Plaintiff may be raising against the California Defendants are barred by the Eleventh Amendment.

For the foregoing reasons, it appears this Court lacks subject matter jurisdiction. Prior to dismissal, the Court will afford Plaintiff one final opportunity to provide a sufficient basis for subject matter jurisdiction. Plaintiff is ORDERED TO SHOW CAUSE, in writing, by no later than **June 5, 2023**, why this action should not be dismissed for lack of subject matter jurisdiction. Instead of filing a written response to this Order, Plaintiff may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Rule 41(a). The Clerk is directed to sent Plaintiff a Central District Request for Dismissal form. Failure to timely file a response to this Order may result in the Court dismissing this action for lack of subject matter jurisdiction, failure to prosecute, and failure to comply with Court orders. See Rule 41(b).

IT IS SO ORDERED.